JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Respondent-appellant, Kevin Spradlin, appeals from the trial court's issuance of a domestic-violence civil protection order pursuant to R.C. 3113.31. In a single assignment of error, Spradlin argues that the court erred by granting the protection order because he and petitioner-appellee, Kasandra Lawhorn, were not "cohabiting," as required by the statute.
Pursuant to R.C. 3113.31, a trial court is authorized to issue a protection order to bring about a cessation of domestic violence against a family or household member.[1] When granting a protection order, the court must find that the petitioner has shown by a preponderance of the evidence that petitioner or petitioner's family or household members are in danger of domestic violence.[2] The statute's definition of "family or household member" includes a "person living as a spouse" who resides with or has resided with the respondent.[3] A "person living as a spouse" includes a person who is cohabiting with the respondent.[4]
In reviewing a trial court's judgment, we must presume the findings of the trier of fact are correct because the trier of fact is best able to observe the witnesses and use those observations in weighing the credibility of the testimony.[5] In reviewing a claim that the evidence does not support a trial court's determination, we are guided by the principle that "judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."[6] Therefore, we will not reverse the trial court's issuance of a protection order in this case if the petitioner presented competent, credible evidence to support a finding that she was in danger of domestic violence.[7]
In this case, the trial court relied on the Ohio Supreme Court's decision in State v. Williams,[8] which held that the criminal offense of domestic violence arises out of the relationship of the parties rather than their exact living circumstances. The supreme court also held that the essential elements of "cohabitation" include (1) sharing of familial or financial responsibilities, and (2) consortium. Factors that may establish the first element include "provisions for shelter, food, clothing, utilities, and/or commingled assets."[9]
The fact that a couple engages in conjugal relations may establish the second element.[10] "These factors are unique to each case and how much weight, if any, to give to each of these factors must be decided on a case-by-case basis by the trier of fact."[11] In Williams, the supreme court held that the trial court had not erred in concluding that the defendant and the victim were cohabitants for purposes of a criminal domestic-violence offense where the pair had fought over money problems and had spent most nights together at the defendant's residence.
In this case, the trial court found that Spradlin had so savagely beaten Lawhorn that she had suffered a skull fracture and other injuries that had resulted in her hospitalization. The court further found that Lawhorn and Spradlin had dated for a number of months, and that even though the two maintained separate addresses, they slept with each other at both addresses. The court noted that Spradlin kept clothing at Lawhorn's residence. The court further found that the pair had an intimate relationship, and that Lawhorn considered Spradlin to be her boyfriend. Because the court's judgment was supported by competent, credible evidence that Lawhorn was in danger of domestic violence by Spradlin, we hold that the court did not err in issuing the protection order.[12] Accordingly, we overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Hildebrandt and Sundermann, JJ.
[1] See R.C. 3113.31(E).
[2] Felton v. Felton (1997), 79 Ohio St.3d 34, 1997-Ohio-302,679 N.E.2d 672.
[3] See R.C. 3113.31(A)(3).
[4] See R.C. 3113.31(A)(4).
[5] Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,81, 461 N.E.2d 1273.
[6] C.E. Morris Co. v. Foley Constr. Co. (1978),54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
[7] Felton, supra, at 42-44, 1997-Ohio-302, 679 N.E.2d 672.
[8] 79 Ohio St.3d 459, 1997-Ohio-79, 683 N.E.2d 1126.
[9] Id. at 465, 1997-Ohio-79, 683 N.E.2d 1126.
[10] Id.
[11] Id.
[12] See Morris, supra; Felton, supra.